## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **ROBERT W. JOHNSON,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **No. 1:24-cv-00303-NT** |
| | ) | |
| **WATERVILLE HEALTH** | ) | |
| **& WELFARE,** | ) | |
| | ) | |
| **Defendant** | ) | |

## RECOMMENDED DECISION AFTER PRELIMINARY REVIEW

Because I granted Robert W. Johnson's application to proceed *in forma pauperis*, *see* Order (ECF No. 3), his complaint is now before me for preliminary review. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that when a party proceeds *in forma pauperis*, a court must "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief").

Johnson purports to bring a federal civil rights claim against Waterville Health & Welfare, but he neglects to describe what the Defendant did or failed to do that violated his rights and caused him damages. *See* Complaint (ECF No. 1) at 4 (stating that "Johnson was discriminated against for benefits due to his race, sex, education, financial status, retaliation and disability"). Because Johnson's complaint lacks "the crucial detail of who, what, when, where, and how" necessary to provide fair notice of what the claims are and the grounds upon which they rest, *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), *aff'd*,

1

2020 WL 2202441 (D. Me. May 6, 2020), it fails to state a plausible claim for relief. Accordingly, I recommend that the Court **DISMISS** Johnson's complaint.

Further, because I am contemporaneously recommending the Court dismiss another of Johnson's actions on the basis of improper venue, *see Johnson v. Reid*, No. 2:24-cv-00301-NT (D. Me. Aug. 29, 2024) (rec. dec.), this Court dismissed a previous action of Johnson's as frivolous, *see Johnson v. Trump, et al.*, No. 1:23-cv-00331-NT, 2023 WL 5627313 (D. Me. Aug. 31, 2023) (rec. dec.), *aff'd*, 2023 WL 6845137 (D. Me. Oct. 17, 2023), and he appears from a PACER search to be a serial litigator in federal courts, I also recommend the Court **WARN** Johnson that further groundless filings may result in the imposition of filing restrictions limiting his ability to bring new matters in this Court, *see Cok v. Fam. Ct. of R.I.*, 985 F.2d 32, 34-35 (1st Cir. 1993).

The Clerk's Office is requested to send copies of this recommended decision to Johnson at the address listed on his complaint in this case as well as the address listed on his more recent complaint in *Johnson v. Reid*, No. 2:24-cv-00301-NT.

### *NOTICE*

***A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.***

***Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.***

Dated: August 29, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge

2